## 919.  PARHAM *v.* THE STATE.

1. The law requires two witnesses, or one witness corroborated by circumstances, in order to prove the crime of perjury. No legal rule can be laid down to measure the extent of the corroboration. Some corroboration must exist. The amount is, in each particular case, for the determination of the jury. It is enough if the corroborating circumstances, though slight, are sufficient to satisfy the jury.

2. Where an indictment charges one offense committed in different ways, in several counts, a conviction on one or more of the counts, supported by sufficient legal proof, will be upheld. A proper conviction on one count will not be set aside because of an unwarranted conviction on another count. The verdict on the latter can not harm the defendant; for the punishment is the same whether the conviction is sustained on one count or on more than one count.

3. The verdict on the first and second counts of the indictment is warranted by the evidence, the trial judge was satisfied, and this court will not interfere.

Indictment for perjury, from Chattooga superior court—Judge Wright. November 13, 1907.

Submitted January 14,—Decided January 27, 1908.

*M. B. Eubanks, W. M. Henry,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.

HILL, C. J.  John Parham brought suit in the superior court of Chattooga county for personal injuries, against the Central of Georgia Railway Company.  On the trial of the case, at the March term, 1906, in support of his suit for damages, he testified in substance as follows:  that in June, July, and August, 1904, he was employed by the defendant company; that on or about August 13, 1904, while he was working with extra gang number 1, in charge of a train of the defendant company, and in pursuance of his work, he was sitting on cross-ties which were loaded upon a flat car, a part of the train, and was going to Summerville, Ga.; that the train was going at a very high rate of speed, to wit, at the rate of thirty or forty miles per hour, which was a higher rate of speed than its schedule required, and that on passing a curve, approaching a switch, the brakes were suddenly thrown on to stop the train, and this gave the car upon which he was riding such a jerk that he was thrown off the car, with the cross-ties; that he had no place to sit on the car, except on the cross-ties, and these were not properly braced or laid on the car; and that as they began sliding off the car, he had no way of holding on, as the ties were sliding under him, and he was thus thrown off the car; that as a result of the fall, he received severe and permanent injuries; that his left leg was practically rendered useless for the remainder of the year; that he was ruptured, and his kidneys, bladder, and urinary organs were injured; that his intestines were forced through his anus and also thrown down into his scrotum or sac, and he was compelled to wear a truss, and his testicles were injured; that on account of such injuries he suffered great physical pain and was permanently damaged at least one half of his capacity to labor; that the tibia or large bone in his right leg was fractured, and that broken bones had been taken out of his leg on account of it.  He further testified that he had never had gonorrhea or syphilis, and that the condition of his leg was not the result of any venereal disease, but was the result of the injuries received by him in being thrown from said car on the occasion referred to, and that he had never taken any medicine for gonorrhea or for any other venereal disease.

Subsequently to the trial of the suit for damages, which resulted in a verdict for the defendant, John Parham was indicted by the grand jury of the superior court of Chattooga county for the crime of perjury, the indictment being predicated upon the testimony above set forth. The indictment is in five counts, and in each count a portion of this testimony is set out. The jury, under the charge of the court, returned a verdict of guilty on the first, second, and fifth counts of the indictment, ignored the third count, and returned a verdict of not guilty on the fourth. A motion for a new trial, based on the general grounds, was overruled; and the question before this court is whether the verdict is supported by any legal evidence. It is especially insisted that there was no sufficient corroboration of the testimony of the one witness in chief against the defendant. This makes it necessary to consider the specific allegations of each one of the counts in the indictment on which the defendant was found guilty, and the evidence applicable thereto.

The first count in the indictment charges, that the defendant committed perjury in his testimony given on the trial of his suit for damages against the railroad company, in swearing that the train upon which he was riding and from which he was thrown was then running at the rate of thirty or forty miles per hour; that the brakes were then applied suddenly, throwing him off the cars with the cross-ties, and that he was then and thereby injured and wounded on and in the front part of his right leg, between the ankle and the knee, and that his leg swelled and was full of pus and blood, and a bone an inch and a half long was taken therefrom, and that two more pieces of bone came out lower down on his leg; that one of the ties struck his left side and back and knocked his entrails down into his bag and out of his anus, and that his left testicle was painfully injured. The second count charges that the following part of the defendant's testimony which he gave in his suit for damages was perjury, to wit: "When I was thrown from said car I hit the ground and didn't know anything at all. I didn't know when they put me on the train. I didn't know when they picked me up, until I afterwards got to Lavender," meaning a station on the Central of Georgia Railway in the county of Floyd. The fifth count charges that the following testimony given by the defendant on the trial of his suit for

damages against the railroad company constituted perjury, to
wit: that he had never taken medicine for gonorrhea, gleet, or
clap, or other venereal disease; that he had never had any such
disease, and that the condition of his leg, at that time and prior
thereto, to wit, the swelling thereof and accumulation of pus and
blood therein, the ejection of pieces of bone therefrom and other
condition thereof, were not the results of such disease, but were
the results of said injuries inflicted by the railroad company. The
foregoing constitute the material allegations set out in the three
separate counts.

The chief witness against the defendant was one Tussey, who
was in charge of the train on the occasion when the defendant,
in his suit for damages, swore that he was injured as therein set
forth. This witness in chief swears, in support of the charge of
perjury, that he never ran but one train; that no such accident
as testified to by John Parham in his suit for damages ever oc-
curred. The defendant, John Parham, in his suit for damages hav-
ing sworn that it did occur by the running of said train in the
charge of Tussey, and that he was then injured as described, these
are what may be called the substantive facts, true or false, around
which the entire case and the evidence therein, pro and con, revolve;
and on these substantive facts the testimony of these two wit-
nesses is in direct and irreconcilable conflict. The pertinent ques-
tion therefore is whether the testimony of this chief witness, Tus-
sey, against the defendant is sufficiently corroborated by that of
another witness, or by circumstances, on the material questions
in issue, to support the verdict of guilty on any one of the three
counts in the indictment. Even if the jury believed the testi-
mony of Tussey to be the truth, and that of the defendant, Par-
ham, to be false, they would not be justified in convicting the
defendant of perjury; for it is well settled by the statutes of this
State, codified from the common law, that while the testimony of
a single witness is generally sufficient to establish a fact, this is
not so as to the crime of perjury, but that to establish this offense
there must be two witnesses or circumstances corroborating the
one witness whose testimony contradicting that of the defendant
makes the direct and positive issue of truth or falsity. There is
no other witness in this case whose testimony directly corroborates
that of the witness Tussey on the issues between him and the de-

fendant as to the fact of the accident and its results, given by him in his suit for damages, and set out in the first and second counts of the indictment; and such corroboration, if any exists, must be found in the proved circumstances or facts material to the issues.

There can be no rule laid down by the law as to what facts or circumstances amount to corroboration. This is exclusively a question for the determination of the jury in the particular case. The Supreme Court in *Ransone* v. *Christian, 56 Ga. 356*, as pertinent to this question, says, "the circumstances should be such as to convince the jury—such as so to strengthen the one witness as to induce them to believe that he has sworn truly, and that the [other witness] swore falsely. . . If the jury are satisfied with the weight of the corroborating circumstances, it is enough. There must be sufficient corroboration to satisfy them; and how much would be exactly equal to the weight of another witness would be hard for us to prescribe or for them to calculate." See also *Sikes* v. *State, 105 Ga. 595* (31 S. E. 567); *Powers* v. *State, 44 Ga. 210.*

The rule as to the amount of corroboration necessary to support the testimony of an accomplice in felony cases is applicable to cases of perjury. In *Dixon* v. *State, 116 Ga. 186* (42 S. E. 357), where the question was as to the corroboration of the testimony of an accomplice in a felony case, the Supreme Court held, that "it is not essential that the corroborationg testimony shall in and of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice should be corroborated in every particular." And in *Harrell* v. *State, 121 Ga. 607* (49 S. E. 703), the court held that "the corroborating circumstances, independently of the accomplice's testimony, should be such as to lead to the inference of the defendant's guilt." These decisions of the Supreme Court show that the sufficiency or weight of the corroborating circumstances is for the jury alone, not for the court, and that when the jury finds that the corroboration is sufficient and the trial judge is satisfied with their finding, the latter's discretion in refusing a new trial will not be interfered with, unless it is manifestly abused. This brings us to the consideration of the facts and circumstances in the record on the subject of corroboration. Bear in mind that it is the testimony of Tussey, the employee of the defendant rail-

way company, who was in charge of the train at the time of the alleged accident, as against the testimony of this defendant on the trial of his suit for damages, which is to be corroborated.   A physician testified that he had treated the defendant, Parham, for syphilis, and that the condition of his leg, which Parham swore was caused by injuries received by him from being thrown from the railroad car, was due to this disease, and was not produced by any external violence.   Several expert witnesses testified that the physical condition described by Parham in his suit for damages, and which was, as he swore, the result of the injuries inflicted by the railroad company on the said occasion, would have produced instant death; and three witnesses testified that Parham had on different occasions told them of his injuries, and had stated to them that these injuries resulted from an entirely different cause than that declared by him in his testimony in support of his suit for damages against the railroad company.   Now these facts testified to by these witnesses certainly furnish some corroboration of the testimony of Tussey, that no such accident as the defendant described in his suit for damages did in fact ever occur, or that he was not injured by such accident.   Whether it is sufficient corroboration was a question for the jury.

The learned counsel for the plaintiff insists that the conviction on the fifth count is without sufficient evidence to support it.   This count charges that the defendant committed perjury in swearing that he had never taken medicine for any venereal disease, and that he had never had any such disease, and that the condition of his leg was not caused by such disease.   It is said that the only witness in support of this count is the physician who testified that the defendant had syphilis, that he had prescribed for him for syphilis, and the condition of his leg was due to this disease, and that the only circumstance relied upon as corroboration of his testimony was the identification of the given prescription by the physician himself, and that such corroboration, depending for its verity exclusively on the testimony of this one witness, did not constitute sufficient corroboration.   We are inclined to agree with counsel that the fact or circumstance claimed as corroboration should be established by some evidence other than that of the one witness who testifies against the defendant; but we do not think it material to go into this question, for if the evidence was sufficient to

corroborate the witness Tussey on the material issues in the case between him and the defendant as set out in the first and second counts in the indictment, it would be immaterial that this fifth count was not legally supported. Nothing is better settled than that a general verdict upon several counts will be sustained where either count is good. And where an indictment charges the commission of one felony in different ways, in several counts, in order to meet the facts of the case as they might be shown by the evidence, a conviction on one or more of these counts, supported by legal evidence, would be sufficient. As was said by Mr. Chief Justice Warner in *Stewart* v. *State,* 58 *Ga.* 581, "If the evidence at the trial should not show that the defendant was guilty under either count in the indictment, then he could not be hurt; but if the evidence at the trial showed that he was guilty, as charged in any one of the counts in the indictment, then he might be lawfully found guilty, because the State had given him notice of all the grounds upon which it proposed to introduce evidence to establish his guilt." Archbold's Crim. Pl. 60.

In the indictment sub judice there is but the one offense of perjury charged, but this one offense is charged in separate counts, as having been committed in different ways, as shown by different portions of the testimony upon which the one crime of perjury is predicated. In theory, the indictment charges the defendant with the commission of five separate perjuries. But in fact and in law the five counts are only so many forms of charging the single offense of perjury. This is a favorite method of criminal pleading, and has the sanction of learned text-writers and courts. In such indictments an election will not be required, and a conviction on one or more good counts, if supported by evidence, is all that the law demands. 1 Chit. Crim. Law, 638; 1 Bish. Crim. Proc. (3d ed.) §1010; *Lascelles* v. *State,* 90 *Ga.* 375 (16 S. E. 945, 35 Am. St. R. 216); Hopkins' Penal Code, §§1514, 1515; Day *v.* People, 76 Ill. 380; Nabors *v.* State, 6 Ala. 200. Applying these principles to this case, it seems clear that if the verdict of guilty on the first and second counts of the indictment is supported by the evidence, the conviction is legal, although the verdict of guilty on the fifth count appears not to be warranted. And the testimony under the fifth count, while not legally sufficient to justify a verdict of guilty on that count, could have been considered by the jury as corrobora-

ting the facts constituting the offense as set out in the first and second counts.

After a careful consideration of the evidence, we think that the testimony of the State's positive witness, in support of the offense as charged in the first and second counts of the indictment, is sufficiently corroborated by the facts testified to by other witnesses, and that the verdict on these counts is amply supported by the evidence.                                   *Judgment affirmed.*