### 1644.   BELL *v.* THE STATE.

1. The crime of subornation of perjury consists of two essential elements,— the commission of perjury by the person suborned, and wilfully procuring or inducing him to commit the perjury by the suborner. The first element must be established by the testimony of two witnesses, or one witness and corroborating circumstances. The second element may be sufficiently shown by the positive testimony of the person suborned.
2. The nature and sufficiency of the corroboration necessary to prove the perjury must in each case be determined by the jury, but the equilibrium between the oath of the alleged perjurer and the oath of the contradicting witness should be destroyed by material and independent circumstances strongly corroborative of the positive testimony of the witness. The circumstances of corroboration in this case measure fully up to the foregoing test.
3. No reversible error was committed by the court in ruling on evidence, or in the charge to the jury; and the verdict is supported by the evidence.

Indictment for subornation of perjury, from Bartow superior court—Judge Fite. January 1, 1909.

Argued February 9,—Decided February 20, 1909.

*James B. Conyers,* for plaintiff in error.

*Thomas C. Milner, solicitor-general,* contra.

HILL, C. J. Bell was convicted of the offense of subornation of perjury, in suborning John L. Johnson to commit perjury on the trial, in the city court of Cartersville, of Mozell Saxon, charged with the offense of gambling. His motion for a new trial having been overruled, he brings error.

The facts leading to the indictment of Bell may be briefly stated as follows: Henderson, the marshal of Cartersville, had information that gambling was being carried on in an old negro schoolhouse near the town, and he went to the house to investigate. Just before reaching the house "a gang of negro boys" ran out of the back door. Among them he recognized John L. Johnson, Gus Bell (plaintiff in error), and Mozell Saxon. He caught Johnson, who then told him that the boys who had run out of the house had been playing cards for money in there. Subsequently Johnson made an affidavit that Mozell Saxon, on June 2, 1908, "did commit the offense of misdemeanor," in the county of Bartow; and, based on this affidavit, the solicitor of the city court of Cartersville filed an accusation charging that Mozell Saxon, on the 2d day of June, 1908, in Bartow county, did "unlawfully play and bet with money and other thing of value at a game played with cards, and at a game played with dice, and at a game played with balls." On the trial of this accusation, in the city court of Cartersville, Johnson testified that he did not, on June 2, 1908, or on any other day, in said county, see Mozell Saxon playing cards for money, or gambling in any manner, and denied that he had ever told Mr. Henderson so. Following these two contradictory statements, the indictment against the plaintiff in error was returned, in which it was charged that the testimony of John L. Johnson, in the case against Saxon charged with gambling, was perjury, and that Bell, the plaintiff in error, had suborned Johnson to commit this crime. There are numerous grounds of error set out in the motion for a new trial, and these will be considered so far as deemed material and meritorious.

The main ground insisted on is that the verdict is not supported by the evidence.

The crime of subornation of perjury consists of two essential elements,—the commission of perjury by the person suborned, and wilfully procuring or inducing him to do so by the suborner. The guilt of both the suborned and the suborner must be proved on the trial of the latter. The commission of the crime of perjury is the basic element in the crime of subornation of perjury. The code of this State, following the universal rule on the subject, prescribes the quantum of evidence required in proof of perjury. This rule is that to convict of this offense the fact of perjury must be established by the testimony of two witnesses, or by that of one witness and corroborating circumstances. Penal Code, §991. Of course, this rule applies only to proof of the fact alleged to have been falsely sworn to, and not to other ingredients which constitute the offense, such as the act of swearing and the giving of the testimony assigned as perjury, etc. As to the nature and sufficiency of the corroboration, no inflexible or general rule of law can be laid down. The question in each case is for the determination of the jury. This rule of evidence is founded upon the idea that it is unsafe to convict in any case where the oath of merely one man has to be weighed against that of another. This equilibrium of the evidence must be destroyed by material and independent circumstances before the jury would be authorized to convict; but the circumstantial evidence need not be such as would, standing by itself, justify a conviction. It must be corroborative, and strongly corroborative, of the testimony of the other witness. 1 Gr. Ev. §257; 1 Phil. Ev. §113; 3 Wig. Ev. §2042.

Many authorities entitled to great weight claim that an exception to this general rule of evidence is found in the case of contradictory oaths; in other words, that the second oath deliberately taken is sufficient to prove the falsity of the first, and that the confirmatory evidence of the falsity of the first oath is fully supplied by the defendant's sworn acknowledgment of the falsity of his first statement. Mr. Wigmore, in his profound treatise on the Law of Evidence, supports this contention (3 Wig. Ev. §2043), stating that "this conclusion has been usually accepted, and may be regarded as the orthodox one, presumably for the case of a contradictory statement not under oath, and certainly for that of

a contradictory oath;" and he cites the case of United States v. Wood, 14 Peters, 430 (10 L. ed. 527), as authority for this statement. But we think the safer rule and the one more in harmony with reason, and announced by the great majority of authorities, is that where both contradictory statements are made under oath, there is nothing to show which of them is false; and that the mere statement of the party who is alleged to have made the false oath, that such oath was in fact untrue, is of no probative value. When we speak of corroborative evidence we do not mean evidence that emanates from the mouth of the defendant himself, but evidence *aliunde,* which tends to show the perjury, independently of his own declaration. 1 Gr. Ev. § 259; 2 Bish. New Cr. L. § 1044; Ros. Cr. Ev. *860; 2 Whar. Cr. L. § 1317; 3 Rus. Cr. *81.

The second element of the offense of subornation of perjury, to wit, the fact of subornation, according to the Supreme Court in the case of *Stone* v. *State,* 118 *Ga.* 717 (45 S. E. 626, 98 Am. St. R. 145), stands on an entirely different footing. "The suborner's act is not committed by means of his oath, and one witness is sufficient to establish what he did." In other words, while the offense of perjury must be shown by two witnesses, or one witness and corroborating circumstances, the fact that the person was suborned to commit the offense of perjury is sufficiently shown by the testimony of the suborned witness. In support of this decision the Supreme Court cites the case of State v. Renswick, 85 Minn. 19 (88 N. W. 22), and Commonwealth v. Douglas, 5 Metcalf (Mass.) 243. The decision of the Supreme Court in *Stone* v. *State,* supra, is binding upon this court as authority, but this court thinks that the safer and sounder rule is to require corroboration of the testimony of the suborned witness that the defendant induced him to commit the perjury. This rule of evidence is inconsistent with that other rule of evidence which has become crystallized in a maxim of the law of evidence,—falsus in uno, falsus in omnibus. In the present case the corpus delicti is that Johnson was suborned by the defendant, Bell, to commit perjury on the trial of Saxon, and that he did commit the perjury; and this fact of perjury must be first established by two witnesses, or by one witness and corroborating circumstances. The next question in the case is, is the defendant, Bell, the person who

suborned Johnson to commit the perjury? Johnson swears, that he was suborned by Bell to commit the perjury, that he did commit wilful and corrupt perjury, and that he was induced to do so by certain representations made to him by Bell and the payment of a dollar and a half. The serious offense of subornation of perjury is thus legally established by the uncorroborated testimony of the witness, who swears that he did commit wilful and corrupt perjury. The trial judge in the present case, who probably did not have his attention called to the decision of the Supreme Court in the *Stone* case, supra, charged the jury that the testimony of Johnson, as to the fact of his subornation by Bell, required corroboration, before they would be authorized to convict.

We have carefully examined the evidence in the record and we are satisfied that the positive testimony of Johnson, that his evidence in behalf of Mozell Saxon in the city court of Cartersville was wilful and corrupt perjury, is corroborated by many circumstances, and that as to this part of the case against the plaintiff in error, the verdict is fully supported. As to the element of subornation, Johnson positively and directly swears that Bell, the plaintiff in error, suborned him to commit the perjury. Under the decision of the Supreme Court in the *Stone* case, supra, this is sufficient. But there is ample evidence in the brief which tends to show the fact of subornation, independently of the declaration of the perjurer. The general grounds of the motion for new trial are therefore without merit, and the verdict must stand, unless some material and prejudicial error was committed by the court.

There are numerous grounds of error in the amended motion for a new trial, based on the rulings of the court in the admission of testimony, and on excerpts taken from the charge to the jury. It would lengthen this opinion unnecessarily to take up each one of these grounds and consider them separately. They may all be disposed of by the general statement that none of them show any material or reversible error. The testimony excepted to was pertinent to the issue in the case and was properly admitted. The charge as a whole is without error, and, on one material question,—to wit, that the testimony of the person alleged to have been suborned by the defendant required corroboration before the jury would be authorized to convict,—was more favorable to the plaintiff in error than he was entitled to.    *Judgment affirmed.*