11530.   ROGERS *v.* THE STATE.

BROYLES, C. J.   The motion for a new trial contained only the usual general grounds.  The evidence, while circumstantial, was sufficient to exclude every reasonable hypothesis save that of the defendant's guilt, and the court did not err in refusing to grant a new trial.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1920.

Indictment for manufacture of intoxicating liquor; from Burke superior court — Judge Henry C. Hammond.  April 17, 1920.

J. L. Rogers was convicted under an indictment which charged him with the making of intoxicating liquors.  A 40-gallon copper still, complete, was found in a hollow log near a creek or branch in a swamp at a distance estimated to be five or six hundred yards from the house in which the defendant lived and which he spoke of as " my house; " and near the still were six or seven barrels of mash — about 400 gallons of mash.  Ten or fifteen bottles of liquor were found buried in a sapling thicket within two or three hundred yards of the house.  A bottle of it, which a witness called " corn liquor," was inspected by the jury.  It was testified that " there were no houses around the still in sight," and " there was no other house around there at all; the closest house to Rogers was about half a mile."  A witness testified:  " I don't know whose field that was nearest Rogers' house; he said it was his field.  I don't know whose field it was on the other side of the branch; he said it was a negro's."  There was " a negro house right across the branch there."  The witnesses who found the still and the mash and liquor testified that they did not go on the other side of the branch.  Rogers lived with a woman and several children, referred to as " his family; " and it was testified:  " Nobody lives at Rogers' but this woman and children; I mean nobody to make liquor."  Officers searching for the still had found Rogers in the house, half

drunk, with a flask of liquor in his pocket, and arrested him, and left the house, to continue their search, leaving him under the charge of an officer. A small boy, who had come from the house with another boy, was seen trying to hide a bottle of liquor in the sand, and the officers "took the little boy in the house, and asked the mother," in the defendant's presence, "would she send one of the larger boys to show where the still was." The defendant said, "I am running this house, not you." The woman "sent the children with them to go and show the still, and she was standing near Rogers." They went down to the branch, and, after the still and the barrels of mash had been found, the children told the officers where the liquor was, and they began digging it up. It was testified that while the officers were in the house with the defendant "his family said," in his presence, that the still "was run all Friday night." It was then Sunday morning, and when they found the still "it looked as if it had been run on Friday night before, because of the coals of fire and the mud around there." One of the officers testified: "A path went right out from the house to and through an old field and saplings to the branch. There is an old road that runs down there, and there is a kind of three-pronged road that goes down there; . . we went that road to the branch and didn't cross the branch, and kept down the road to the still. We followed that road down toward the still and then went in a path; a buggy had been on the road a part of the way. It could be used for a road or path. I don't think the road stopped at the branch. It went over to another field." The road goes from one public road to another; there are paths on both sides of the branch. The substance of the defendant's statement at the trial was that he denied to the officers that he had any liquor or still, and did not hear "any conversation with the woman at all."

*E. M. Price, Joseph Law,* for plaintiff in error, cited: *Ga. App.*: 14/598; 16/291; 21/655; 23/144; 23/785.

*A. L. Franklin, solicitor-general, John M. Graham,* contra, cited: *Ga. App.*: 21/493 (1) 21/49 (*Cole* v. *State*).