## 18335. RODDENBERRY v. THE STATE.

1. The demurrer to the indictment as a whole and to each count thereof was properly overruled.

(a) As to the misjoinder of counts, see *Jordan* v. *State*, 127 *Ga.* 278 (56 S. E. 422), and cit.; *Hale* v. *State*, 120 *Ga.* 183 (2), 184 (47 S. E. 531); *Williams* v. *State*, 72 *Ga.* 180; *Belcher* v. *State*, 19 *Ga. App.* 439 (91 S. E. 879), and cit.; *Jackson* v. *State*, 76 *Ga.* 551 (13-*d*), 553.

(b) As to the sufficiency of the allegations in the several counts, see *Ruff* v. *State*, 17 *Ga. App.* 337 (3, 5) (86 S. E. 784).

2. While, under the foregoing rulings, each count is sufficient to withstand the demurrers, it is patent that some of them are repugnant one to the other, yet the trial judge did not abuse his discretion in failing to require the solicitor-general, before any evidence was introduced, to elect upon which count he would try the defendant. *Lascelles* v. *State*, 90 *Ga.* 347 (4) (16 S. E. 945, 35 Am. St. R. 216). See *Freeman* v. *State*, 35 *Ga. App.* 223 (132 S. E. 782).

3. The evidence was not sufficient to support the verdict.

(a) In this State there can be a legal verdict for perjury only when it

---

Criminal Law, 16 C. J. p. 862, n. 42; 17 C. J. p. 228, n. 24; p. 229, n. 34. Perjury, 30 Cyc. p. 1425, n. 17; p. 1448, n. 65; p. 1452, n. 92; p. 1453, n. 93, 95.

is supported by the evidence of two witnesses or one witness and corroborating circumstances.

(*b*) Proof that the defendant had made contradictory statements is not alone sufficient.

DECIDED NOVEMBER 16, 1927.

Indictment for perjury; from Pierce superior court—Judge Reed. June 25, 1927.

*S. F. Memory,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

BLOODWORTH, J. Only the 3d headnote needs elaboration. Under the law of this State, to convict of perjury requires two witnesses or one witness and corroborating circumstances. Penal Code (1910), § 1017. Basing his charge on the foregoing statute and the principles announced in the case of *Bell* v. *State, 5 Ga. App.* 701, 703, 704 (63 S. E. 860), which case is supported by decisions from many States and numerous text writers, the presiding judge correctly charged the jury that "The corroborating evidence necessary to support the testimony of a witness must not be evidence that emanates from the mouth of the defendant himself, but evidence from another source which tends to show the perjury independently of the declaration of the defendant." "Contradictory sworn statements by the defendant are not alone sufficient to establish the crime of perjury." "Where it is shown that the contradictory statements are made under oath, and there is nothing to show which of them is false, the defendant can not be convicted." "The mere statements of the defendant who is alleged to have made the false oath that such oath was in fact untrue, are not entitled to any weight by the jury unless supported by other competent evidence to establish the falsity of the oath." Applying the foregoing rules of law to the evidence in this case it is clear that the charge of perjury was not established by "two witnesses or by one witness and corroborating circumstances." The proof that defendant had made contradictory statements is not alone sufficient to convict.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*