32354. POTTS *v.* THE STATE.

TOWNSEND, J. 1. (*a*) For a conviction of perjury, the falsity of the testimony of the defendant must be established by two witnesses or one witness and corroborating circumstances. See Code, § 38-121.

(*b*) In the instant case, the falsity of the testimony of the defendant was established by two witnesses. One was Robert Tye Noland, the witness

who swore that the defendant was not in Dalton with him at a particular time; and the other was the witness who swore that Robert Tye Noland, at the particular time in question, was at her home in Gilmer County, 35 or 40 miles from Dalton, engaged in robbing her. The result of the testimony of each of these two witnesses is the positive contradiction of the testimony of the defendant as to the whereabouts of Robert Tye Noland at a particular time.

2. On the trial of a defendant charged with perjury, the judge should instruct the jury that, before they would be authorized to convict, the charge must be established by the testimony of two witnesses, or by one witness and corroborating circumstances. However, the failure so to charge in the instant case was harmless to the defendant, as he introduced no evidence, and two witnesses for the State testified positively in contradiction to the testimony alleged to be false, which he gave on the committal trial of Robert Tye Noland, and for which he was indicted in the instant case. See *Manning* v. *State*, 33 *Ga. App.* 610 (6) (127 S. E. 475); *Oxford* v. *State*, 40 *Ga. App.* 511 (4) (150 S. E. 466).

3. The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED MARCH 18, 1949.

*H. L. Buffington, Watkins Edwards, Howell Brooke,* for plaintiff in error.

*James T. Manning, Solicitor-General,* contra.