### 37456. HOBBS v. THE STATE.

Townsend, Judge. 1. Willie J. Hobbs was indicted, tried and convicted in the Superior Court of McDuffie County for the offense of manufacturing liquor. His motion for new trial, as amended by the addition of three special grounds, is here assigned as error. Evidence that the defendant lived in a house on a 500-acre tract owned by a nonresident; that he rented the house and controlled the land in that he had cows on a part of it; that no other family lived on the tract of land except one in a house located about a mile and a half away; that the still which the accused was charged with running was located directly back of the house about 75 yards therefrom and visible to it, and the only tracks approaching the still were from the defendant's yard and consisted of both footprints and car tracks described as a little road—"there's no road traveled by the people in the vicinity of the still except the one that they are working to the still down behind his house . . . there is a particular road from this boy's house to the still"— together with other evidence that no tracks ran from the still

in any other direction, that the nearest road was 75 yards away, and the nearest house three-fourths of a mile away, that liquor had been freshly run in the still; the fire was still smoking, and there were found in the defendant's house several fruit jars of the same kind as fruit jars found at the still, all showing traces of whisky, is sufficient, taken together, to support the verdict of guilty of the offense of manufacturing whisky. *Harbin* v. *State*, 46 *Ga. App.* 692 (168 S. E. 922); *Oswalt* v. *State*, 26 *Ga. App.* 677 (107 S. E. 169); *Rogers* v. *State*, 25 *Ga. App.* 477 (103 S. E. 714). Accordingly the general grounds of the motion for new trial and special ground 1 which is an amplification thereof are without merit.

2. The indictment, which was in the language of Code § 58-206, charged that the defendant did "distil, manufacture and make distilled spirits, alcohol, whisky, mixed liquors and beverages, a part of which is alcoholic." The court instructed the jury, as complained in special ground 2, as follows: "The bill of indictment charges a number of different types or brands of alcoholic or spirituous liquors. I charge you that the State doesn't have to prove all of these. It only has to prove that he is guilty of manufacturing one particular brand of liquor, but the State must prove that beyond a reasonable doubt." Since proof of any one of the prohibited acts charged is sufficient to sustain a conviction (see *Cody* v. *State*, 118 *Ga.* 784, 45 S. E. 622; *Roddenberry* v. *State*, 37 *Ga. App.* 359, 140 S. E. 386) this ground is without merit.

3. Special ground 3 complains that the trial court erred in failing to give to the jury the form of verdict they should return if they found the defendant innocent of the charge against him. It was held in *Yancy* v. *State*, 173 *Ga.* 685 (2) (160 S. E. 867) that the omission to give the jury the form of the not guilty verdict was not error, since "the instructions upon the presumption of innocence, and upon the demand of acquittal unless the jury are satisfied by the evidence of the guilt of the defendant beyond a reasonable doubt, are tantamount to instructing them that in these circumstances they must return a verdict of not guilty." The plaintiff in error did not specify the court's charge as a part of the record, and did not affirmatively show that a charge on reasonable doubt under Code § 38-110 or the presumption of innocence under Code § 38-118 was omitted. Since the omission of such charges would have been error (*Richardson* v. *State*, 70 *Ga.* 825; *Finch*

v. *State*, 24 *Ga. App.* 339 (4), 100 S. E. 793), and since it will not be presumed by this court that those portions of the charge not before it contained error, it must be concluded that under the ruling in the *Yancy* case, the failure to state specifically the wording of the not-guilty form of verdict was not reversible error.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1959.

*Stevens & Stevens*, for plaintiff in error.

*J. Cecil Davis, Solicitor-General*, contra.