## 51340. WEST v. THE STATE.

EVANS, Judge.

On January 30, 1975, defendant and two others were tried and convicted of aggravated assault and attempted armed robbery. Defendant's defense in that case was alibi, based upon his testimony and that of three alibi witnesses. See *Staton v. State,* 135 Ga. App. 55 (217 SE2d 384).

After his conviction, defendant was then indicted, tried and convicted of perjury and subornation of perjury, growing out of his previous trial. He was sentenced to two years for the offense of perjury, and two years each for two counts of subornation of perjury to run concurrently. However, the two years received in this case were to be served consecutively with the prior sentence of 15 years for attempted armed robbery and aggravated assault. Defendant appeals. *Held:*

1. A party is not allowed to use the employment and discharge of counsel as a dilatory tactic in requesting a continuance. *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119); *Tootle v. State,* 135 Ga. App. 840. The right of assistance of counsel is of paramount importance. *McAuliffe v. Rutledge,* 231 Ga. 1, 3 (200 SE2d 100). But this does not mean an indigent has a right to pick and choose his court-appointed counsel. *McClure v. Hopper,* 234

Ga. 45, 49 (214 SE2d 503). The court did not err in denying defendant's motion for a continuance and in refusing to appoint different counsel for the defendant. At that time, he instructed appointed counsel to assist the defendant in his defense "even if he doesn't want you to represent him." There is no merit in the first enumeration of error contending the court erred in denying the motion for continuance and in refusing to appoint additional counsel to represent defendant.

2. Code § 38-121 requires that the testimony of more than one witness is necessary to convict one of perjury, but that corroborating circumstances may dispense with another witness. Defendant testified at the trial of James Staton, Jr., a co-defendant in the attempted armed robbery and aggravated assault case, that he had seen Staton at a drive-in and at a football game during the time of the attempted armed robbery. In the perjury trial, this testimony was shown to be false as two other witnesses identified Staton as the would-be robber. The state, in corroboration, introduced the palm print of Staton found on a meat counter which had previously been wiped before the attempted armed robbery to show that at no other time prior to the attempted armed robbery, could this fingerprint have been placed on the meat counter.

This same testimony was admissible to corroborate the conviction as to the alibi witnesses whom the defendant had allegedly suborned. In addition, a letter written to one Curtis Carter, one of the alibi witnesses, by defendant, was found in the pocket of Calvin Jenkins, another alibi witness, advising Carter to get in touch with other persons and "tell them I was at the football game when they got there so they won't tell a lie, and to say that when they got there, the pregame show had just . . . ." This letter containing other inferences of subornation of testimony was also submitted into evidence.

The corroboration must point to the guilt of the accused, but the weight and sufficiency of the cor-roboration is for the jury alone to determine. See *Ransone v. Christian,* 56 Ga. 351, 356; *Sikes v. State,* 105 Ga. 592 (3) (31 SE 567); *Parham v. State,* 3 Ga. App. 468 (1) (60 SE 123); *Bell v. State,* 5 Ga. App. 701 (2) (63 SE 860).

The victim of the aggravated assault positively

identified the defendant as being at the scene of the attempted armed robbery and two other witnesses identified Staton, his co-defendant. A transcript of the sworn testimony of the defendant and the three alibi witnesses whom he suborned was admitted into evidence as an exhibit. The evidence was sufficient to support the verdict, and the jury determined the corroboration was sufficient.

3. The transcript of the sworn testimony was not submitted for the purpose of proving the truth of the statements therein, but to show the sworn statements made by the defendant and those he had suborned, and the same is direct evidence of the perjury involved in that trial. The same was not hearsay evidence, but was sworn testimony made at the trial. The perjury of the person suborned in the *Staton* case was absolutely necessary as an element of the crime of subornation of perjury. *Bell v. State,* 5 Ga. App. 701 (1), supra.

4. Having considered each and every enumeration of error and finding no reversible error, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 30, 1975 — DECIDED OCTOBER 21, 1975.

*Gardner, Eckhardt, Lee & Willis, Sherman Willis,* for appellant.

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellee.