68919. DAVIS v. THE STATE.

(324 SE2d 559)

SOGNIER, Judge.

Davis appeals his conviction of driving under the influence of alcohol and driving too fast for conditions.

Deputy sheriff James Walker observed appellant drive across the centerline of a highway about 11:45 p.m. and followed him on a dirt road. Appellant stopped at a house and when Walker asked for appellant's driver's license and insurance card, he smelled alcohol on appellant's breath and arrested him. Appellant was given an intoximeter breath test, but put his tongue in the bottle so the intoximeter would not work properly. Walker testified that appellant's ability to drive was impaired due to alcohol, and testified that appellant was driving down the dirt road at a speed of 50 to 60 m.p.h. A defense witness testified the road had holes in it and a safe speed at night was 10 or 15 m.p.h.

1. Appellant contends error in allowing the State to question appellant about his previous convictions for D.U.I. when appellant had not put his character in issue. Appellant testified that he used to drink, but had quit and had not had a drink in six months. The prosecutor then asked if appellant had pled guilty or been convicted of driving under the influence in the last six months, and appellant answered no. The prosecutor then asked about convictions for D.U.I. *subsequent* to the time appellant testified he had stopped drinking. Pretermitting the question as to whether appellant's statement that he used to drink but had quit opened the door to character evidence thus authorizing the prosecutor to cross-examine him regarding his character, see *Phillips v. State*, 171 Ga. App. 827 (321 SE2d 393) (1984), under the circumstances of this case we find the error, if any, harmless. When appellant stated he had not been convicted or pled guilty in the last six months, that line of questioning was discontinued. Thus, no evidence of appellant's bad character was before the jury, and any error in allowing the question could not have harmed him. See *Godbee v. State*, 232 Ga. 259, 262-63 (206 SE2d 432) (1974).

2. Appellant contends the trial court erred by failing to charge the jury on circumstantial evidence. There was direct evidence from the deputy sheriff that appellant was driving his car and that his driving ability was impaired by alcohol. Where there is some direct evidence involved in a case it is not error to fail to charge on circumstantial evidence. *Lane v. State*, 153 Ga. App. 622, 623 (3) (266 SE2d 298) (1980).

3. In his third enumeration of error appellant contends that his conviction under OCGA § 40-6-180 for driving too fast for conditions must be reversed because the trial court charged the jury only the first sentence of the statute. While appellee has submitted an affidavit of the court reporter stating that the transcript is incorrect and that the trial judge in fact charged OCGA § 40-6-180 in its entirety, nevertheless the record has not been properly supplemented to this effect pursuant to OCGA § 5-6-41 (f). Although we are authorized in our discretion to order the trial court to supplement the record to reflect the charge actually given, OCGA § 5-6-48 (d), we decline to do so in this instance. Appellant reserved his right to raise error in the charge on appeal pursuant to *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980) and we must therefore examine whether reversible error was committed in the charge.

OCGA § 40-6-180 reads in its entirety: "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching and traversing a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions." Appellant argues that because the trial court failed to charge the second sentence of the statute, the jury was prevented from considering the full range of factors which must be considered in determining whether OCGA § 40-6-180 has been violated. We do not agree. The second sentence of OCGA § 40-6-180 merely provides descriptive examples of some "potential hazards" where the statute is applicable. This list of examples is not inclusive of all the potential hazards nor does it define any elements of the offense of driving too fast for conditions necessary for the jury to consider whether the statute was violated. Therefore, we find no error in the trial court's instruction to the jury regarding driving too fast for conditions because it was a correct statement of the law, and did not exclude any elements of the offense charged. See *Huff v. State*, 113 Ga. App. 257, 262 (2) (147 SE2d 840) (1966).

4. Appellant contends that his conviction under OCGA § 40-6-180, of driving too fast for conditions, must be reversed, because that statute is too vague to provide for criminal sanctions. This objection, not raised at trial, was waived and there is no issue here for our review on appeal. *Gardiner v. State*, 252 Ga. 422, 423 (2) (314 SE2d 202) (1984).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 21, 1984.

*Gerald S. Stovall,* for appellant.
*Clifford A. Cranford, Solicitor,* for appellee.