69573. DIXON v. THE STATE.
(324 SE2d 780)

DEEN, Presiding Judge.

On February 8, 1984, the appellant, Savickelly Fredona Dixon, pleaded guilty to six counts of burglary. Although he did not initially identify a certain James Morris as one of his cohorts in crime, before making his guilty plea the appellant gave a statement implicating Morris in the burglary of a Bibb County deputy sheriff's residence in September 1983. On February 23, 1984, however, at a probation revocation hearing for James Morris, the appellant denied any knowledge of or participation in that burglary. He was subsequently indicted and convicted for perjury, from which conviction this appeal followed.

At the appellant's trial for perjury, an investigator with the Bibb County Sheriff's Department testified that on September 23, 1983, the residence of deputy sheriff Mark Deeb was burglarized, during which a color TV, a .22-caliber gun, a ring, a pair of tennis shoes, and a watch were taken. James Morris was wearing the stolen tennis shoes at the time of his arrest. After hearing of the arrests of two other participants in the burglaries, the appellant turned himself in to the sheriff's department on November 28, 1983. Following the appellant's arrest, the investigators drove him to the residential area where the burglaries had occurred, and the appellant identified the burglarized premises. His initial statement did not refer to James Morris, but subsequently his attorney contacted the district attorney to indicate the appellant's desire to tell the whole story. On February 1, 1984, the

appellant made the formal statement on videotape, describing the string of burglaries and identifying all of the participants, including James Morris; he also remembered that a color TV, a .22-caliber rifle, and some tennis shoes had been taken from the residence of the deputy sheriff. *Held*:

A conviction for perjury requires either testimony of two witnesses or that of one witness and corroborating circumstances to support it. OCGA § 24-4-8; *West v. State*, 136 Ga. App. 249 (220 SE2d 767) (1975); *Roddenberry v. State*, 37 Ga. App. 359 (140 SE 386) (1927). "The proof that defendant had made contradictory statements is not alone sufficient to convict." Id. at 360. Moreover, in perjury cases, "[w]hen we speak of corroborative evidence we do not mean evidence that emanates from the mouth of the defendant himself, but evidence *aliunde*, which tends to show the perjury, independently of his own declaration." *Bell v. State*, 5 Ga. App. 701, 704 (63 SE 860) (1909). The determination of the weight and sufficiency of the corroboration is a matter for the jury. *Parham v. State*, 3 Ga. App. 468 (60 SE 123) (1908); *West v. State*, supra.

The appellant contends that the evidence was insufficient to support the conviction for perjury because there was no corroboration, the State's evidence consisting only of testimony recounting the appellant's contradictory statements about the burglary of the deputy sheriff's residence. This contention, however, ignores the investigator's testimony, apparently not derivative of the appellant's statements, identifying the various items taken from the deputy sheriff's residence and recounting that at the time of his arrest James Morris actually was wearing the tennis shoes taken during the burglary; this independent evidence certainly corroborated the appellant's videotaped statement of February 1, 1984. The paramount corroboration of the videotaped statement, of course, was presented by the assistant district attorney's testimony regarding the appellant's actual plea of guilty to the burglary (along with five other burglaries). While merely pitting the appellant's videotaped statement of February 1, 1984, against his testimony on February 23, 1984, at the revocation hearing of James Morris, would have been insufficient to convict for perjury, this guilty plea, along with the investigator's testimony about the stolen articles (in particular, the tennis shoes found on James Morris), provided the necessary corroboration for the jury to consider.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1984.

*William D. Gifford*, for appellant.
*Willis B. Sparks III, District Attorney, Virgil J. Adams, Assis-*

*tant District Attorney*, for appellee.