## 71145. GREEN v. THE STATE.
(340 SE2d 195)

</div>

DEEN, Presiding Judge.
The appellant, William Green, was convicted of aggravated as-

sault and aggravated assault with intent to rape. On appeal, he contends that the trial court erred in admitting evidence of other crimes; that the victims' identification of the appellant should have been suppressed; and that the requested jury charge on circumstantial evidence should have been given.

Around 2:00 p.m. on January 16, 1984, as one victim loaded her car to return to college, the appellant approached her twice, once simply remarking about her moving and the second time asking for directions. She returned to the apartment where she had been staying, and just as she was about to leave, someone put a jacket over her head from behind. He held a knife to her back and forced her into the kitchen, where he made her lie down on the floor and remove her pants and underwear. By his voice, she recognized the assailant as the appellant.

Before anything else could happen, a friend of the victim (who had heard her scream) arrived. The appellant attacked him with the knife, and as the friend fell backwards, the appellant ran out the door. By this time, the other victim had removed the jacket from her head and had seen the appellant lunge at her friend. Although slightly cut on his right side, the timely-arriving friend chased after the appellant but was unable to catch up with him. Another friend drove both victims to the police station to file reports, and upon their return to the apartment they found an unfamiliar tennis shoe in the living room.

The following week both victims viewed dozens of albums of photographs without recognizing the appellant. Following the appellant's arrest on February 2, 1984, for an assault on another woman, the two victims were shown another photo array of 5 to 6 photographs, including one of the appellant. Both readily identified the appellant, and both also positively identified him at trial.

At trial, testimony was admitted about two similar crimes committed by the appellant. The victim of the assault on February 2, 1984, recounted how the appellant had grabbed her from behind as she left a bar and had dragged her for 10 to 15 blocks, beating her along the way with her own shoe. Another witness, who knew the appellant, testified that on November 20, 1983, the appellant had been at her residence with a girl friend; after leaving, he had returned purportedly to fetch his jacket and had grabbed her from behind. A male friend of her mother overheard the commotion and interceded, and the appellant knocked him down with a shoe. The appellant fled when the witness' nephew ran for help. *Held*:

1. Evidence of other similar crimes committed by a defendant is generally admissible to show motive, intent, plan or scheme, and identity, provided (a) there is sufficient similarity or connection between the independent crimes and the offense charged, and (b) the

state shows that the defendant was the perpetrator of the extrinsic offense. *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983). Moreover, in sexual offense cases, evidence of prior similar acts is admissible to show a defendant's lustful disposition and to corroborate the victim's testimony. *LaPalme v. State*, 169 Ga. App. 540 (313 SE2d 729) (1984); *Sparks v. State*, 172 Ga. App. 891 (324 SE2d 824) (1984). In this case, similarities between the extrinsic offenses and the present incident included the method of attacking women from the rear, with an ostensibly sexual intent, and with a curious trademark of using a shoe as an object of force.[1] Mindful of the old adage that if the shoe fits, wear it, we conclude that the evidence of the other crimes was properly admitted.

2. The appellant contends that the pre-trial photo array from which the two victims identified the appellant was impermissibly suggestive solely because the other persons in the spread had heavier facial hair. We decline to find from that bare contention alone that the photo identification was suggestive in this case, or that a substantial likelihood of misidentification existed. Additionally, both victims unequivocally and confidently identified the appellant during the trial, independent of any pre-trial identification, and this in-court identification was thus reliable and admissible. *Anderson v. State*, 168 Ga. App. 243 (308 SE2d 623) (1983).

3. The appellant also contends that the trial court should have charged the jury on the law of circumstantial evidence. However, where direct evidence is adduced, as there certainly was in this case, it was not error to refuse to charge on circumstantial evidence. *Davis v. State*, 172 Ga. App. 710 (324 SE2d 559) (1984); *Whittington v. State*, 252 Ga. 168 (313 SE2d 73) (1984).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986 —
REHEARING DENIED JANUARY 28, 1986 —

*Lester B. Johnson III*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kathryn M. Aldridge, Assistant District Attorney*, for appellee.

---

[1] Tennis shoes in Georgia appear to be supportive footwear. While the presence of the tennis shoe in this case tended to connect this case with the other, prior crimes, compare *Dixon v. State*, 172 Ga. App. 803 (324 SE2d 780) (1984), where the fact of the defendant's cohort wearing some stolen tennis shoes at the time of his arrest provided the necessary corroborative evidence for the defendant's perjury conviction.