### 73851. JENKINS v. THE STATE.
(356 SE2d 525)

CARLEY, Judge.

Appellant was indicted for burglary and criminal attempt to commit rape. A jury found appellant guilty of both crimes. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

Appellant does not challenge the sufficiency of the evidence to

support his convictions. The only enumeration is that evidence of appellant's commission of a prior sexual offense was erroneously admitted into evidence in this case. "If evidence is relevant and material to an issue in [a] case, it is not inadmissible because it incidentally puts the defendant's character in issue. [Cits.] This rule is true with respect to similar independent transactions or crimes of the defendant. While unconnected crimes not tending to prove any element in the case are generally inadmissible and prejudicial as tending to place the defendant's character into evidence, proof of such crimes or transactions is admissible for purposes of proving issues such as malice, intent and motive. [Cits.]. . . . '[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. . . . [Cit.]'. . . . The second condition requires that there be a 'sufficient similarity' between the incidents so that proof of the prior transactions or crimes tends to prove an element of the crime for which defendant is on trial. [Cit.]" *Davis v. State,* 249 Ga. 309, 310-311 (1) (290 SE2d 273) (1982). This recognized "exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. [Cits.]" *Johnson v. State,* 242 Ga. 649, 653 (3) (250 SE2d 394) (1978).

There is no dispute that appellant committed the prior sexual offense. Both the prior offense and the attempted rape under consideration in this case involved sexual assaults upon women who had no prior personal connection with appellant. Compare *Wimberly v. State,* 180 Ga. App. 148 (348 SE2d 692) (1986). As to each crime, the sexual assault was frustrated short of rape when the victim screamed and her assailant fled. Compare *Wimberly v. State,* supra. In neither prosecution was the consent of the victim raised by appellant as a defense. Compare *Wimberly v. State,* supra. In the case sub judice, appellant's defense was that he was not the individual who had perpetrated the sexual assault on the victim and then fled when she screamed. Clearly, the evidence of appellant's commission of the prior sexual assault was admissible and relevant to the issue of his identity as the perpetrator of the instant attempted rape. See generally *Fambro v. State,* 165 Ga. App. 445, 446-47 (2) (299 SE2d 114) (1983); *Green v. State,* 177 Ga. App. 591, 592 (1) (340 SE2d 195) (1986).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 6, 1987.

*Drew Dubrin,* for appellant.
*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Paul L. Howard, Jr., Benjamin H. Oehlert III,* Assistant District Attorneys,

for appellee.