A03A1701. IN THE INTEREST OF C. H., a child.
(585 SE2d 921)

ELDRIDGE, Judge.

The Juvenile Court of Spalding County found that 15-year-old C. H. violated Georgia's perjury statute,[1] OCGA § 16-10-70 (a), and adjudicated her a delinquent. On appeal, C. H. claims the evidence was insufficient to sustain the verdict, arguing that the State failed to satisfy the requirement that perjury be corroborated. We agree and reverse.

"A person to whom a lawful oath has been administered commits the offense of perjury when, in a judicial proceeding, he knowingly and willfully makes a false statement material to the issue or point in question." OCGA § 16-10-70 (a).

The testimony of a single witness is generally sufficient to establish a fact. *However*, in certain cases, including prose-

---

[1] The State chose not to proceed upon the other count of its complaint against C. H., violation of the Georgia Controlled Substances Act by possessing methamphetamine, because it lacked a lab report confirming same.

cutions for treason, *prosecutions for perjury*, and felony cases *where the only witness is an accomplice, the testimony of a single witness is not sufficient.* Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.

(Emphasis supplied.) OCGA § 24-4-8. To convict for perjury, there must be two witnesses, or one witness and proof by corroborating circumstances. *McLaren v. State*, 4 Ga. App. 643, 646-647 (4) (62 SE 138) (1908); see also *Flemister v. State*, 81 Ga. 768, 769-770 (1) (7 SE 642) (1888); *Roddenberry v. State*, 37 Ga. App. 359, 360 (140 SE 386) (1927); *Potts v. State*, 78 Ga. App. 799, 801 (52 SE2d 575) (1949). The corroboration must be independent of the accomplice's testimony. See *Bell v. State*, 5 Ga. App. 701, 703 (63 SE 860) (1909) ("This rule of evidence is founded upon the idea that it is unsafe to convict in any case where the oath of merely one man has to be weighed against that of another. This equilibrium of the evidence must be destroyed by material and independent circumstances before the jury would be authorized to convict; but the circumstantial evidence need not be such as would, standing by itself, justify a conviction. It must be corroborative, and strongly corroborative, of the testimony of the other witness."). The requirement for independent corroboration of an accomplice's testimony is applicable to juvenile proceedings. *In the Interest of J. H. M.*, 202 Ga. App. 79, 80 (413 SE2d 515) (1991).

The record shows that C. H. and S. B. were initially tried as co-defendants in juvenile court on February 21, 2003, for the offenses of obstructing an officer and burglary. The State had agreed to reduce the burglary charge against C. H. to criminal damage to property[2] upon the condition that she testify truthfully when the case was tried. The instant petition for perjury arises out of the State's belief that C. H. failed to honor her obligation to provide truthful testimony. Pertinently, at the February 21, 2003 trial, C. H. testified under oath that, on seeing police on the night in issue, she told Billy Bradley, one of two boys the girls then were with, to stop the car. Otherwise, she testified that there had been no fire in the camper which the group had burglarized. Upon the trial of the instant petition for perjury, co-defendant S. B. testified to the contrary, that is, that C. H. had told Bradley not to stop for the police and that Bradley Green, the other boy in the group, had started a fire in the camper's sink which had burned five minutes.

---

[2] The State first represented that it had agreed to reduce the burglary charge to criminal damage to property and later indicated that its agreement had been to reduce the burglary to criminal trespass.

There is no issue as to whether C. H. testified under oath in a judicial proceeding at the February 21, 2003 trial of the juvenile court. Pretermitting, however, whether she knowingly and wilfully "ma[de] a false statement material to the issue or point in question[,]" OCGA § 16-10-70 (a), the State's perjury case against C. H. rested on the testimony of co-defendant S. B. alone. This was impermissible. OCGA § 24-4-8; *Bell v. State,* supra; *In the Interest of J. H. M.,* supra.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 1, 2003.

*Virgil L. Brown & Associates, Alvah H. Pasley,* for appellant.
*William T. McBroom III, District Attorney, Tammy M. Griner,* for appellee.