## 58339. COSBY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of burglary. Defendant appeals contending that the evidence was insufficient to support the verdict and that the trial court erred in admitting into evidence certain hearsay statements. *Held:*

1. Several items were taken during the burglary of the victim's apartment, including a camera and lens. Within a day or two the defendant sold the stolen camera and lens to the owner of a pawn shop. The stolen goods were thus found to have been in the possession of the defendant charged with burglary recently after the commission of the offense. That fact authorized the jury to infer that the defendant was guilty, unless he explained his possession to their satisfaction. Whether to believe that defendant's explanation of his possession advanced at trial was a reasonable or satisfactory one was a question for the jury. See *King v. State,* 141 Ga. App. 316, 317 (233 SE2d 274) and cits. The verdict returned in this

case indicates that the jury did not believe that defendant's explanation of his possession was satisfactory.

The evidence was sufficient to support the jury verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). A review by this court of the trial transcript and record convinces us, and we so hold, that a rational trier of fact (the jury in this case) could readily have found the defendant guilty beyond a reasonable doubt of the offense of burglary under Georgia law.

2. At trial a police officer testified that he had received information from an informant that defendant had sold a camera to the owner of the pawn shop. The defendant objected to "anything any informant said if he isn't in here for cross-examination." The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and an explanation by the witness that acting on such information, he discovered other facts connecting the accused with the crime in question. See Code § 38-302; *Coleman v. State,* 127 Ga. 282 (1) (56 SE 417); *Lundy v. State,* 130 Ga. App. 171, 174 (4) (202 SE2d 536). When offered and admitted for the purpose of explaining conduct and to ascertain motives, evidence which is otherwise hearsay becomes original evidence for that purpose. *Lingerfelt v. State,* 231 Ga. 354, 356 (4) (201 SE2d 445); *Lloyd v. State,* 139 Ga. App. 625, 626 (229 SE2d 106); *Burrell v. State,* 140 Ga. App. 900, 902 (3) (232 SE2d 172); *Harrell v. State,* 241 Ga. 181, 183 (1) (243 SE2d 890). The trial court did not err in overruling defendant's objection.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED
OCTOBER 10, 1979.

*Gerald P. Word,* for appellant.
*William F. Lee, Jr., District Attorney, Michael G.*

*Kam, Assistant District Attorney,* for appellee.