## 59541. CORLEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals from the revocation of his probated sentence. *Held:*

1. Defendant was serving a probated sentence following conviction of two counts of theft by taking. On August 8, 1979, he was arrested and charged with burglary and two counts of theft by receiving. The evidence presented at the probationary hearing showed a burglary had been committed and a wheelbarrow, Homelite chain saw, Black and Decker Skilsaw and Milwaukee sander were taken. The defendant admitted that he possessed and sold the items taken from the burglarized home. Further, he told the people he sold the property to that he owned the property. Pretermitting the issue of whether the evidence is sufficient to show he committed the burglary (see *Cosby v. State,* 151 Ga. App. 676 (1) (261 SE2d 424)), as only "slight evidence" is required to show a violation of probation, the circumstantial evidence tending to establish theft by receiving was sufficient to support the finding of the trial court of a violation of defendant's probation. *Harper v. State,* 146 Ga. App. 337, 338 (246 SE2d 391). Accord, *Johnson v. State,* 142 Ga. App. 124, 126 (235 SE2d 550); *Clay v. State,* 143 Ga. App. 361 (238 SE2d 724).

2. Constitutional issues first raised on appeal present nothing for our decision. *Tenant v. State,* 243 Ga. 595 (255 SE2d 710).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED MARCH 3, 1980 — DECIDED APRIL 9, 1980.

*John V. Costley, Jr.,* for appellant.
*J. W. Morgan, District Attorney, J. Lynn Rainey, Assistant District Attorney,* for appellee.