## 66068. BANKS v. THE STATE.

BIRDSONG, Judge.

M. B. Banks was convicted of burglary and sentenced to twenty years, fifteen to serve and five on probation. He brings this appeal enumerating as error the insufficiency of the evidence and denial of a new trial on the same ground. *Held:*

The evidence shows that the victims of the burglary left their home at about 1:30 p. m. on a Sunday afternoon to go shopping. As they left, they saw Banks, whom they had known most of his life, in front of their home. When they returned at about 4:30 p. m., they observed the front door of their home had been "kicked in" and was barely hanging on its hinges with the lock broken. Investigation disclosed that a shotgun, shotgun shells and three rolls of pennies had been taken from a bedroom. During that same afternoon, police received a call that a man was at a public place with a shotgun. Investigation by the officers disclosed the person to be Banks. Banks was arrested as he sat on the porch of a house a few hundred yards from the public place. Near him was a shotgun. This gun was clearly identified as being the one taken from the burglarized home. When asked about the gun, Banks claimed to be rightfully in possession of it. When Banks was placed in a cell, an inventory was taken of his personal possessions. Taken from his pockets were one or more shotgun shells and three rolls of pennies, all similar to those taken in the burglary.

Though no one saw Banks enter the burglarized premises, there was ample circumstantial evidence placing him at the scene and in possession of property stolen from the house. Whether the excuses offered by appellant for his possession of the recently stolen property were reasonable or satisfactory are questions for a jury to decide. *Brown v. State,* 157 Ga. App. 473 (278 SE2d 31); *Cosby v. State,* 151 Ga. App. 676 (261 SE2d 424). By its finding, the jury demonstrated its unbelief of Bank's claim of innocent possession or that it was reasonable. *Jackson v. State,* 159 Ga. App. 287 (283 SE2d 353). Banks' recent and unsatisfactorily explained possession of the stolen goods created an inference sufficient to convict even without direct proof or strong circumstantial evidence that he alone or with others committed the burglary. See *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251); *Selph v. State,* 142 Ga. App. 26 (4) (234 SE2d 831). We are fully satisfied the evidence supported the verdict. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 17, 1983.

*Kenneth W. Krontz,* for appellant.
*Frank C. Winn, District Attorney, Jeffrey P. Richards, Assistant District Attorney,* for appellee.