# 70264. BAREFOOT v. THE STATE.
(333 SE2d 13)

McMurray, Presiding Judge.

Having been convicted by a jury of the crimes of aggravated sodomy and rape, defendant appeals. *Held:*

1. The trial court did not err in denying defendant's motion to dismiss the indictment on the grounds that (1) he allegedly was not permitted to use the telephone to communicate with anyone for 9 days following his arrest; (2) he was not afforded a preliminary hearing within 72 hours of his arrest; (3) he did not receive notice of the preliminary hearing until one hour before the commencement of the hearing; (4) he was not given a prompt hearing upon his request for bail; and (5) he was not present at the bail hearing (at which the court entered an order granting bail). See *Mathis v. State*, 242 Ga. 761, 763 (2) (251 SE2d 305); *Dollar v. State*, 161 Ga. App. 428, 430 (4) (288 SE2d 689).

2. In view of the victim's testimony that the defendant had sexual intercourse with her against her will and that he forced her to perform an act of oral sex, we conclude that a rational trier of fact reasonably could have found the defendant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Mullinax v. State*, 172 Ga. App. 601 (323 SE2d 897); *Burley v. State*, 172 Ga. App. 34 (1) (321 SE2d 783).

3. "[I]t is not necessarily an error of constitutional dimensions for an accused to appear in court wearing restraining devices or accompanied by uniformed guards. [Cits.] It is well settled that when, in the discretion of the trial judge, the use of restraining devices or the presence of uniformed guards is necessary for preventing disruptive or dangerous behavior by the accused or for securing the safety of those in the courtroom, or of the general public, the decision to implement such measures is within the court's discretion. *Gates v. State*, 244 Ga. 587 (261 SE2d 349) (1979); *Allen v. State*, 235 Ga. 709 (221 SE2d 405) (1975)." *Collins v. State*, 164 Ga. App. 482, 484 (4) (297 SE2d 503). We find no abuse of such discretion where, as here, the courtroom was "extremely crowded," the trial court ordered all defendants to be shackled until such time as the courtroom could be cleared, the trial court informed the jury that it should not look upon the shackles as a reflection of defendant's guilt. The trial court allowed defense counsel an opportunity on voir dire to question the jurors concerning any bias, prejudice or leaning in the case resulting from the shackling, or whether their view of the defendant would prevent him from receiving a fair trial. However, defense counsel declined to question the jurors.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*Percy J. Blount,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.