### 70870. HAVARD v. THE STATE.
(334 SE2d 381)

BANKE, Chief Judge.

James Nelson Havard appeals his convictions of simple battery and criminal trespass.

It is uncontroverted that the appellant broke "Rusty" Eskew's jaw by hitting him with his fists during an altercation in a high school parking lot. During this altercation, appellant also broke a mirror on

Eskew's motor vehicle. The state's attorney objected to appellant's attempt to elicit evidence that on a prior occasion Eskew had carried a pistol on the school grounds; and, in response to an inquiry by the trial court as to the relevance of this evidence, appellant's trial attorney responded, "The relevance is that when a person is put in fear and a man's got a reputation of carrying a pistol . . . ," at which point the trial court interrupted by asking, "He runs up and socks him?" The appellant's sole contention on appeal is that this comment by the trial court constituted an impermissible comment on the evidence and that the court erred in denying his subsequent motion for mistrial. *Held*:

"The statutory inhibition (OCGA § 17-8-55) against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. [Cits.]" *Mathis v. State*, 171 Ga. App. 620 (1) (320 SE2d 861) (1984). The comment at issue clearly falls into this category and thus did not give rise to any prejudicial error. Moreover, appellant himself testified that when he hit Eskew he did not know if Eskew had his gun or if Eskew intended to assault him. Thus, the court's comment constituted merely a statement of an undisputed fact, rather than an expression of opinion. See *Clempson v. State*, 144 Ga. App. 625 (4) (241 SE2d 495) (1978); *Pruitt v. State*, 36 Ga. App. 736 (138 SE 251) (1927). Accordingly, the enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Jerry M. Daniel*, for appellant.
*Marion Deveaux Cotten, Solicitor*, for appellee.