72210. CASTON v. THE STATE.
(344 SE2d 725)

BIRDSONG, Presiding Judge.

Derrick E. Caston was convicted of theft of an auto and sentenced to serve 20 years. He brings this appeal enumerating two errors. *Held*:

1. In the first enumeration of error, Caston complains the trial court erred in allowing asserted hearsay testimony to be considered on an essential fact issue, thus depriving Caston of a fair trial. As

stated by Caston, the only real issue in this case was whether Caston drove the auto from Atlanta toward Houston, Texas, with the consent of the owner on the owner's business or whether he took the van without any authority. It is undisputed that the van disappeared on March 25, 1983, along with the appellant. The van was used by the employer (a motel) to transport its guests on local trips. Caston was the bellman charged with the responsibility during his duty hours to drive the van. Caston testified that prior to March 22 the head floor manager (who was Caston's supervisor), a female employee, had told Caston he could use the van to drive to Houston to attend a management conference conducted by the motel chain in Houston. He testified the motel chain would reimburse him for his expenses. This female employee left the employment of the chain on March 21 but was in and about the motel on March 22. The new floor manager, a male employee, dispatched Caston on a trip with passengers early on the morning of March 25. After that trip, Caston returned to the motel and received his pay. Shortly thereafter, both Caston and the van disappeared. The supervisor in charge on March 25 did not give permission and was not aware of any permission given to Caston to take the van nor did Caston ever speak to the manager at all about any personal use of the van. Caston testified he did tell the new manager of the trip to Houston and had that person's permission.

During the three-day trial, the female ex-employee was contacted in Florida and the contact disclosed that she had not granted Caston permission to take the van. No conversation was placed before the jury, only the impression gained by the manager from his conversation with the female ex-employee that Caston had no authority from her or the motel to drive the van to Houston. Caston now argues that the conclusion of the present manager is impermissible hearsay.

We are not required to respond to this issue. First of all, we note that the testimony of the manager did not repeat or put before the jury any of the words of the ex-employee, only the impression gained by the new floor manager from the conversation with the ex-employee. Nevertheless, we need not characterize this report as being or not being hearsay for even assuming that it was, we conclude the evidence is at best only cumulative of the most pertinent evidence on the issue of permission. The van was not taken until March 25 and the person vested with apparent authority did not grant any such authority nor was he made aware of the existence of the asserted earlier grant. Moreover, appellant's confession stated that while he had authority to use the van, he also stated that the reason he was on his way to Houston was to "start a new life" and he had to have a vehicle to make a go of it. He intended to return the vehicle when things were going better. Furthermore, he stated he was leaving because he was not making enough money and because the new manager was go-

ing to stop him from driving to the airport or about the city and that would deprive him of the opportunity of making a little extra. Thus, the appellant's own testimony belied his assertion that he had permission to use the van to go to a management course for future use in the motel business.

Where there is probative evidence, clearly admissible, to establish a matter of fact, the questionable admission of other evidence establishing the same fact is cumulative and thus not ground for reversal. See *Glass v. State*, 235 Ga. 17 (218 SE2d 776). In the context of this criminal prosecution, even if we assume error in the admission of the testimony of questionable permission, we find it highly probable that the evidence of this reputed lack of permission is harmless beyond reasonable doubt in the face of direct evidence pertaining to the issue of lack of permission. *Quick v. State*, 139 Ga. App. 440, 442 (228 SE2d 592). See also *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). Moreover, and dispositive of this enumeration, there was no objection voiced by the defense at the time this evidence was adduced and admitted. Thus though there arguably may have been a ground for objection at the time the testimony was developed, where there was no objection made until for the first time on appeal before this court, this court being empowered only to correct errors made in the trial court, will not set aside the verdict of conviction on account of the admission of such evidence. *Starr v. State*, 229 Ga. 181, 183 (190 SE2d 58); *Hughley v. State*, 144 Ga. App. 771 (1) (242 SE2d 367). This enumeration lacks merit.

2. In his second enumeration of error, Caston argues the court improperly allowed the state to introduce evidence of uncharged misconduct. The basis for this enumeration was the introduction of certain prior acts of misconduct occurring in another state before Caston came to Georgia and took employment with the motel. During his testimony, Caston testified he came to Georgia to visit and live with a girl friend. He found a job, liked it as well as the area, so he decided to remain in Atlanta. Also during his testimony he stated he had been in the Air Force in the late 70's and knew the geographical area of the south and southwest without resorting to a road map. He received an honorable discharge from the Air Force and in 1984, when coming to Atlanta, he had no intention of re-entering the Air Force. The state was then allowed to introduce evidence that Caston had been convicted of a misdemeanor attempted theft and placed upon probation. In 1984, because he wished to re-enter the Air Force but could not do so while on probation, the sentencing court in Ohio released Caston from probation so he could go into the service. There was also evidence that an arrest warrant was issued for Caston because he had left Ohio while pending trial on another charge. The state offered this evidence to show the probability that Caston left Ohio in 1984 to

avoid further trial and incarceration rather than to visit and live with his nebulous girl friend. The trial court allowed this evidence for the limited purpose of impeaching the credibility of the appellant. While it is true that bad character may not be established by evidence of prior arrests or oral evidence of a prior conviction nor may evidence of prior convictions short of admissible documentary evidence be used to impeach, where the defendant has testimonially stated facts which are false, the state may use other evidence to prove testimonial falsity even though such rebutting and impeaching evidence may incidentally place the defendant's character into evidence. This is especially true where the defendant has opened the door to impeaching character evidence, as in stating he had earned an honorable discharge from the Air Force. See *Brown v. State*, 237 Ga. 467 (228 SE2d 853); *Hinton v. State*, 138 Ga. App. 702 (227 SE2d 474). This enumeration likewise lacks merit.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 15, 1986.

*Michael H. Lane*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Assistant District Attorneys*, for appellee.