72704. BANKS v. THE STATE.
(348 SE2d 124)

DEEN, Presiding Judge.

The victim of the rape leading to the conviction that is the subject matter of this appeal was walking home alone, as was her custom, from a nearby hospital where she had just finished working the 3-11:00 p.m. shift when she encountered a black male wearing shorts, tube socks, tennis shoes, a hat, and no shirt. The man muttered something unintelligible and continued down the sidewalk. Moments later the woman heard footsteps behind her and accelerated her pace, but was suddenly seized from behind by an arm around her neck and another around her body. The assailant dragged her into the side yard of a nearby house, pulled her to the ground, and raped her three times. On the pretext that she would be willing to pursue the sexual activity further if it could be done in greater comfort, the victim told the assailant that if he would accompany her a block or so down the street to her home so that she could pick up a change of clothes, she would accept his suggestion that they go to his apartment. Once inside her house, the victim told her brother that the man standing in the driveway had been "messing with" her; she then called the police and gave them a detailed description of the assailant's physical appearance and clothing.

Meanwhile, the brother went outside to speak to the man, who then began to walk away from the house. Within approximately one minute after completion of the phone call, several police officers converged on the scene; one of them, seeing a man who fit the description walking along the street only a block or so from the victim's home, apprehended him and took him there. Without hesitation, the victim positively identified that man, appellant here, as the one who had raped her. He was taken to the police station, and the victim, with swollen eyes and otherwise visibly upset, was taken to a hospital for a medical examination. Tests conducted at that time yielded no posi-

tive clinical evidence consistent only with rape. The examining physicians testified, however, that in addition to the victim's evident emotional disturbance, there was soil clinging to her skin and clothing, and that she had bruises and scuff marks consistent with having been dragged on the ground. The soil was found to match soil samples taken from the area where the victim had stated the rape took place, and shoe prints matching the appellant's tennis shoes[1] and the victim's distinctive nurse-type shoes were found at the same site.

At trial the victim again positively identified appellant as the rapist. The state called a witness who testified that some years previously appellant had forced her to commit sodomy. A Thomas County jury found appellant guilty as charged; he was sentenced to twenty years' incarceration. On appeal he enumerates as error the trial court's denial of his motion *in limine* regarding introduction of testimony about a prior sexual offense; the denial of his motion for mistrial based on the introduction of said testimony; the denial of his motion to suppress the victim's allegedly tainted identification of him; and the insufficiency of the evidence. *Held*:

Our review of the trial transcript and record in the instant case, as well as the supplemental letter filed by appellant himself, convinces us that the judgment below should be affirmed. The victim's identification of appellant amply fulfills the criteria set forth in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), and *Heyward v. State*, 236 Ga. 526, 528 (224 SE2d 383) (1976): whether in the totality of the circumstances the victim had ample opportunity to view the accused at the time of the crime, was sufficiently attentive at that time, described him accurately, and identified him with certainty at the time of confrontation; and how much time elapsed between the commission of the crime and the confrontation. The record further reveals that sufficient competent evidence of various sorts was presented to authorize reasonable triers of fact to find him guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State*, 250 Ga. 805 (301 SE2d 274) (1983).

The only colorable enumeration pertains to the introduction of evidence of a prior offense which might arguably be considered too remote in time or substance from the offense *sub judice* to be admissible to show motive, intent, bent of mind, course of conduct, etc. *Kilgore v. State*, 251 Ga. 291 (305 SE2d 82) (1983). In the light of the abundance of admissible evidence adduced, however, we find it highly probable that such an error, if error at all, did not contribute to the

---

[1] For evidence that this is not the sole instance in which tennis shoes have left an imprint on the annals of Georgia crime, see *Green v. State*, 177 Ga. App. 591, 593 n. (340 SE2d 195) (1986).

conviction. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).
*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED JULY 16, 1986.

*C. Michael Bozeman*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.