73587. RAY v. THE STATE.
(351 SE2d 262)

DEEN, Presiding Judge.

The appellant, Calvin Leon Ray, was convicted of possessing marijuana in violation of the Georgia Controlled Substances Act. He appeals from the denial of his motion for new trial which was based on newly discovered evidence.

On February 9, 1985, pursuant to a search warrant, Bartow County officials searched the home and premises of the appellant. Several bags of marijuana were found secreted in various places around the property outside the home, prompting one of the searchers to liken the search to an "Easter egg hunt," and some plastic baggies and a set of scales were found in the home. On February 15, 1985, Ray was arrested when he reported to his probation officer. The trial and conviction occurred on January 21, 1986.

On May 20, 22, and 23, 1986, in the Superior Court of Bartow County during a hearing on a motion to suppress filed in another, unrelated case, evidence was adduced that one of the investigators who had participated in the search of the appellant's premises was not a certified police officer at the time; that he had resigned previous jobs under suspicion of certain crimes including theft; and that he had resigned from another county's police force after being suspected of planting evidence, in particular contraband drugs, in a criminal case. Based on this evidence, the appellant moved for new trial, claiming that the evidence was not merely impeaching since at trial he had denied any knowledge of the marijuana and had reckoned that someone must have planted it on his premises. *Held*:

Before a trial may be granted based on newly discovered evidence, it must appear that (1) the evidence was discovered after the trial; (2) the appellant was diligent in discovering it; (3) the evidence is so material that it would probably produce a different verdict; (4) the evidence is not cumulative; (5) the affidavit of the witness himself should be produced; and (6) the evidence does not merely impeach the credit of a witness. *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). All six requirements must be met in order to obtain a new trial. *Johnson v. State*, 176 Ga. App. 378 (336 SE2d 257) (1985).

Contrary to the appellant's contention, this newly discovered evidence tends merely to impeach the testimony of the investigator who participated in the search and seizure. Moreover, because the evidence only placed the investigator under suspicion of crime, and did not show a conviction, it may not even be used to impeach the investigator's testimony. See *Arnold v. State*, 163 Ga. App. 10 (293 SE2d 501) (1982); *Benefield v. State*, 140 Ga. App. 727, 735 (232 SE2d 89) (1976). Accordingly, the trial court did not abuse its discretion in denying the motion for new trial.

*Judgment affirmed. Beasley, J., concurs. Benham, J., concurs in the judgment only.*

DECIDED NOVEMBER 25, 1986.

*Anthony N. Perrotta*, for appellant.
*Darrell E. Wilson, District Attorney, Jonathan Levine, Assistant District Attorney*, for appellee.