## 74247. COOPER v. THE STATE.
### (357 SE2d 880)

BIRDSONG, Chief Judge.

Dale Cooper was convicted of armed robbery and sentenced to serve 14 years. He does not contest the sufficiency of the evidence to support the verdict or judgment nor could he, for there is sufficient probative evidence to convince any rational jury beyond reasonable doubt of Cooper's guilt of the armed robbery charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Cooper however raises a question of error in the use of certain prior arrests by the State in an effort to impeach the testimony of the defendant, Cooper. Cooper's defense was that a casual acquaintance had requested Cooper to drive the acquaintance plus another to a location not familiar to Cooper. Cooper testified he drove the two men and waited for them to come back to his vehicle. When they came back at a run, the acquaintance panicked Cooper who ran from the vehicle. The two men Cooper had brought to the scene then took the truck and abandoned Cooper. Shortly thereafter, Cooper saw a person on the street and asked about using a telephone. This person led Cooper to a phone in a nearby house. Shortly thereafter, police came and arrested the two men for committing a robbery of a small convenience store. Both Cooper and the person leading Cooper to the phone were identified as being involved in the robbery. It is clear therefore that credibility was the key issue as to whom the jury should believe.

During his own direct examination, after testifying as to the above sequence of events, Cooper denied being involved in a robbery or that he had ever been in any significant trouble. On cross-examination Cooper denied ever having been in trouble before with the law other than some peccadilloes while a student in high school. He denied ever having any dealings with the law before this arrest. He never had to go to jail before or anything like that.

In rebuttal and for the purpose of impeachment, Cooper was asked whether on six separate dates and places he had been arrested and taken to jail. On each occasion, Cooper denied the arrest or having been taken to jail. The State had before it a "rap sheet" showing seven different arrests. Over objection the State was allowed to ask if Cooper had been arrested on a given date or taken to jail. Cooper denied each arrest except one which he sought to explain. The State did not offer any particulars concerning any of the arrests. On redirect examination, Cooper reaffirmed that on all the arrests, he had never been convicted of anything nor had he served any time for as he said: "I didn't do them things and that is why I wasn't convicted of them."

Cooper testified that he had not been arrested nor had he been in trouble with the police prior to the arrest for his armed robbery. The State had evidence that contradicted Cooper's contentions thus raising questions as to Cooper's truthfulness. Though the trial court would not allow the State to inquire into the specifics of the several arrests, the State was allowed to inquire into the truthfulness of Cooper's assertions he had not been previously arrested nor in trouble with the law. Cooper apparently equated the arrest record as innocent because he "didn't do them things" and none of them had resulted in convictions or time served. When Cooper testified on direct, he provided the State with an opportunity to cross-examine him thoroughly as to the subject of his direct testimony. Even though the direct testimony related to character, this did not preclude the State of its right to cross-examine and seek to impeach. See *State v. Braddy*, 254 Ga. 366, 367 (330 SE2d 338); *Caston v. State*, 178 Ga. App. 752, 755 (344 SE2d 725). There was no error in allowing the impeaching testimony for the purpose of enabling the jury to evaluate the critical issue of credibility.

Cooper also complains the trial court erred in failing sua sponte to charge the jury on the purpose of the evidence of earlier arrests. We find no merit in this enumeration for Cooper did not request any charge on this subject. He may not now for the first time raise as error that was ignored at trial. *Wiley v. State*, 178 Ga. App. 136 (2) (342 SE2d 342). Moreover, as held hereinabove, the State had a right to conduct a thorough cross-examination of a matter raised by Cooper in his direct examination, even where the effect of the testimony on

direct was to place character into issue. Inasmuch as the evidence properly came before the jury, clearly there was no requirement for the trial court sua sponte to testify as to the purpose of the testimony.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 26, 1987.

*Drew R. Dubrin, Rise H. Weathersby,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, John G. Isom, Assistant District Attorneys,* for appellee.