75447, 75452. BURROUGHS v. THE STATE (two cases).
(366 SE2d 378)

BENHAM, Judge.

In Case No. 75447, appellant seeks reversal of a conviction for rape. In Case No. 75452, he seeks reversal of a conviction for rape and

aggravated sodomy. The offenses involved different victims and were committed at different times, but were related in that the victim in each case testified against appellant in the other prosecution, and in that the motions for new trial were consolidated. Though the issues in each case must, with the exception of the denial of the consolidated motions for new trial, be dealt with separately, we will treat these cases as consolidated.

*Case No. 75447*

1. Appellant's first enumeration of error in this case is that the evidence is insufficient to support his conviction for rape. The State's evidence authorized the jury to find that while appellant and another young man were walking three young women (the prosecutrix, her sister, and a friend) home from a party late one night, the other young man took hold of the prosecutrix and led her down to some railroad tracks; that appellant suggested that one or both of the other girls commit an act of sodomy; that upon their refusal and hurried departure, he followed the other man and the prosecutrix; that after the first man raped the victim, appellant followed suit, and then walked her back to meet her sister and friend. The victim from Case No. 75452 testified that appellant raped her and forced her to commit an act of oral sodomy, telling her as he began the assault that he had raped another girl in the same area. That evidence was sufficient for a rational trier of fact to find that appellant was guilty beyond a reasonable doubt of the offense of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Banks v. State*, 179 Ga. App. 798 (348 SE2d 124) (1986).

Although there were certainly conflicts in the evidence and some question about the veracity of various witnesses, the conflicts in the evidence did not demand appellant's acquittal. "The credibility of a witness is a matter for the trier of fact, and this court will not disturb the jury's finding unless it is insupportable as a matter of law. [Cit.] Since we do not find that to be the situation in the case at bar, we will not disturb the jury's finding." *May v. State*, 179 Ga. App. 736 (1) (348 SE2d 61) (1986).

2. The admission of the testimony of the victim in Case No. 75452 is enumerated as error. "Evidence of similar transactions or crimes is admissible when it is shown that the defendant is the perpetrator of the similar offense, and there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to prove the latter. [Cit.] Evidence of independent crimes has been admitted to show bent of mind and course of conduct, and has been most liberally extended in the area of sexual offenses." *Davis v. State*, 180 Ga. App. 190 (2) (348 SE2d 730) (1986). Here, there

was an unequivocal identification of appellant as the perpetrator, and the circumstances and location of the offenses were very similar. We find no error in the admission of evidence of the other offense.

3. In the course of a colloquy concerning the admissibility of evidence of another offense, the trial court articulated one of the reasons for which such evidence could be admitted. Appellant now contends that the trial court's statement was an impermissible comment on the evidence. Even if appellant had objected, which he did not, and the jury had been present, which it was not, the remark would not have been erroneous: " 'The statutory inhibition (OCGA § 17-8-55) against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence.' [Cits.] The comment at issue clearly falls into this category and thus did not give rise to any prejudicial error." *Havard v. State*, 175 Ga. App. 798, 799 (334 SE2d 381) (1985).

4. Appellant's co-defendant in this case made a motion for severance. The grant of that motion while the trial was underway is enumerated as error, as is the trial court's denial of appellant's motion for mistrial.

When evidence of a similar crime was introduced, the victim of the other crime recounted that appellant boasted that he had raped another girl in the same place. No reference was made on direct examination to the fact that the rape of which appellant was alleged to have boasted was the one for which he and his co-defendant were on trial in the present case. On cross-examination, however, appellant's counsel phrased a question in such a way that it not only made it apparent that the witness was speaking of the rape involved in the present trial, but also brought appellant's co-defendant's involvement into the open. By doing so, appellant's counsel robbed of any force the trial court's direction to the jury to consider the evidence against appellant only.

"The granting or denial of a motion for severance of the trials of defendants jointly indicted for less than a capital offense is a matter within the sound discretion of the court. [Cits.]" *Griggs v. State*, 181 Ga. App. 618 (5) (353 SE2d 97) (1987). Under the circumstances here, including the fact that it was appellant's own counsel who made severance of the co-defendant necessary by connecting the co-defendant to the testimony of the witness, and considering the trial court's neutral explanation of the co-defendant's absence, we find no abuse of discretion in severing the defendants or in denying appellant's motion for mistrial made following the trial court's explanation.

5. After the evidence had closed, the trial court undertook an examination, outside the presence of the jury, of a person alleged by courtroom personnel to have been engaged in a disturbance in the

courtroom: a deputy sheriff testified that the spectator had been making faces. It developed that the woman involved was a friend of all the principals, and had gone into the jury room during a recess in order to speak to the prosecutrix and her sister. After ascertaining that there had been no improper communication, the trial court cautioned everyone present that it would not permit intimidation of witnesses. Appellant's counsel moved for a mistrial at several points during the inquiry, and now enumerates as error the denial of his motions. If appellant means to appeal from the denial of his motion for mistrial based on a violation of the rule of sequestration, that issue is without merit since the conversation between a witness and a spectator is not such a violation. *Kirkland v. State*, 173 Ga. App. 687 (3) (327 SE2d 808) (1985). Appellant's related complaint on appeal, that the inquiry was conducted for the purpose of chastising defense counsel, is also without merit since there is no support for it in the record.

## Case No. 75452

6. Appellant's first enumeration of error in this case is that the trial court erroneously denied his motion for mistrial after the prosecuting attorney made improper remarks during the State's opening statement. Although the statement was not transcribed, it appears that appellant's objection is to the prosecuting attorney's declaration during his opening statement that he expected the victim to testify that appellant had told her at the time he raped her that he had raped another girl in the same place.

A prosecuting attorney, in an opening statement, "may state what he expects in good faith a witness will testify if the witness is going to testify. [Cit.]" *Brantley v. State*, 177 Ga. App. 13 (1) (338 SE2d 694) (1985). Appellant was aware that the State intended to put on evidence of a similar offense and was aware that the trial court was going to consider the admissibility of such evidence immediately after opening statements were made. In light of that fact and the fact that the testimony to which the prosecuting attorney referred was clearly admissible as part of the res gestae (*Wolke v. State*, 181 Ga. App. 635 (2) (353 SE2d 827) (1987)), we find no error in the trial court's denial of appellant's motion for mistrial.

7. Appellant next asserts that the trial court erred in permitting the State to elicit testimony in narrative form from the victim and in allegedly ridiculing counsel for objecting to that testimony and to leading questions. We find no such error.

A trial court has discretion to allow leading questions, and its decision to do so will not be reversed unless that discretion is abused. *Anglin v. State*, 173 Ga. App. 648 (3) (327 SE2d 776) (1985). Under the circumstances here, where the prosecuting attorney was question-

ing a youthful prosecutrix in a rape case, we find no abuse of discretion.

Appellant offers no authority concerning the propriety of narrative testimony, but we note that the Supreme Court approved of the practice in *Horton v. State*, 123 Ga. 145 (1) (51 SE 287) (1905): "It is not error to allow a witness to deliver his testimony in narrative form, without the aid of questions from counsel, when counsel so request, provided the witness is not permitted to state anything which is inadmissible as evidence. This practice is rather to be commended than condemned."

Our review of the record does not find support for the assertion that appellant's counsel was ridiculed by the trial court. The court merely pointed out that appellant's counsel was objecting to the State's attorney's questions and was also objecting because there were no questions. Considering the accuracy of the trial court's observation and the lack of merit in appellant's objections, we find no undue prejudice to appellant in the trial court's comment.

8. In appellant's third enumeration of error in this case, he asserts that the trial court improperly admonished and threatened counsel, thereby commenting on the evidence counsel was eliciting. The record shows that counsel attempted to impeach a witness by reading former testimony of the witness which was not inconsistent with that given at this trial. The trial court merely told counsel, in a conference which the record shows was conducted out of the hearing of the jury, that he was entitled to read inconsistent testimony, but not that which was consistent. Since appellant has not shown that the trial court's comment was inaccurate, and since appellant did not move for mistrial, this enumeration of error is without merit. *Powers v. State*, 168 Ga. App. 642 (2) (310 SE2d 260) (1983).

9. Appellant enumerates as error the trial court's action in permitting a cousin of the prosecutrix to testify concerning what the prosecutrix told her after the incident leading to the trial in this case. "Where there is probative evidence, clearly admissible, to establish a matter of fact, the questionable admission of other evidence establishing the same fact is cumulative and thus not ground for reversal. [Cit.]" *Caston v. State*, 178 Ga. App. 752 (1) (344 SE2d 725) (1986). Here, the prosecutrix had already testified about the circumstances in which she told her cousin about the rape, and the prosecutrix had been cross-examined. Therefore, the complained-of testimony was cumulative and its admission is not ground for reversal.

10. Appellant's next two enumerations of error both involve rulings by the trial court during colloquies concerning the admissibility of evidence, and both are controlled adversely to appellant by *Havard v. State*, supra.

11. The trial court's denial of appellant's motion for a directed

verdict is enumerated as error. Where the evidence adduced at trial, viewed in a light most favorable to the prosecution, is sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt, there is no error in denying a motion for a directed verdict of acquittal. *Rautenberg v. State*, 178 Ga. App. 165 (1) (342 SE2d 355) (1986). The testimony of the prosecutrix that appellant had sexual intercourse with her against her will and forced her to commit an act of oral sodomy was sufficient to meet that standard. *Barefoot v. State*, 175 Ga. App. 131 (2) (333 SE2d 13) (1985).

Appellant's suggestion that the victim's testimony concerning sodomy was fatally tainted because a police officer stated that the prosecutrix did not mention it until sodomy was explained to her is without merit. The officer testified that she explained certain terms to the victim and that it was then that the victim stated that appellant had committed sodomy. That testimony does not contradict or cast any doubt on the victim's testimony that appellant put his penis in her mouth against her will.

12. Appellant's contention that the Rape Shield Law is unconstitutional may not be addressed since it was not raised in the trial court. Although one ground of appellant's motion for new trial was that he had been denied his right to confrontation, the motion did not specify that it was the application of the Rape Shield Law which had effected that denial, and there is no other mention of the issue in the record. "Constitutional issues first raised on appeal present nothing for our decision. [Cit.]" *Corley v. State*, 154 Ga. App. 301 (2) (268 SE2d 76) (1980).

13. Finally, appellant complains in both appeals of the denial of his motion for new trial in both cases. The motion was based on a lab report which became available only after appellant was convicted of the offenses in Case No. 75452. The report indicated that the victim's underpants did not show signs of blood. That report is at odds with the testimony of the victim and her cousin that there was blood on the underpants when the victim removed them on the evening of the offense.

Two of the requirements for a motion for new trial on the ground of newly discovered evidence are that the evidence be so material that it would probably produce a different result, and that the evidence not merely impeach the credit of a witness. *Ray v. State*, 181 Ga. App. 62, 63 (351 SE2d 262) (1986). The only effect of the evidence on which appellant's motion was based is to impeach the testimony of the victim and her cousin. It does not, therefore, meet the standards articulated above and did not require the grant of a motion for new trial.

*Judgments affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 24, 1988.

*Robert B. Royce*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Larry Chisolm*, Assistant District Attorney, for appellee.