## 45180. BOYCE v. THE STATE.
### (366 SE2d 684)

HUNT, Justice.

We granted certiorari to the Court of Appeals in order to consider whether a criminal defendant may introduce specific acts of good character when the state has introduced specific similar transactions for the purpose of showing scheme and bent of mind, when evidence of such transactions incidentally places the defendant's character in issue. The Court of Appeals held that he could not. *Boyce v. State,* 184 Ga. App. 578 (362 SE2d 229) (1987). We affirm.

1. Wilbur LaRue Boyce, Jr., an attorney, was convicted and sentenced for theft by taking for unlawfully appropriating over $8,000 in insurance proceeds belonging to a client. The defendant claimed his secretary embezzled the money. As part of its case-in-chief, the state introduced the testimony of two of the defendant's former clients, who related transactions similar to the one on trial, in order to show a common scheme and guilty intent and to negate an innocent state of mind. See generally Agnor, Agnor's Georgia Evidence, § 10-7 (2d ed. 1986). Thereafter, the trial court refused to allow the defendant to call other clients who would testify that the defendant did not steal their funds.

The Court of Appeals properly held that, although the defendant's character was incidentally placed in evidence by the similar transaction evidence, he could not attempt to counter that evidence by presenting, through former clients, specific acts of his good character.[1] Similar events are admissible to show guilty knowledge or unlawful intent, not character. Therefore, because specific acts of good character are not relevant to this purpose, they are not admissible. See McCormick on Evidence, §§ 190, 191 (3d ed. 1984). In *State v. Braddy,* 254 Ga. 366, 367 (330 SE2d 338) (1985) (Hill, C. J., and Gregory, J., dissenting), cited by Boyce, the issue was whether a good

---

[1] We note here, as did the Court of Appeals, that the defendant presented twenty character witnesses on his behalf and the court charged the jury on good character as a defense.

character charge was required when Braddy testified as to several specific acts of past good conduct. While a majority of this court held that such testimony raised the character issue sufficiently to require a jury charge, the opinion plainly stated that such evidence is not admissible from third parties. Id. at p. 367, n.4. Thus, the defendant, in order to rebut evidence of similar conduct offered into evidence against him, may produce evidence of his good character in two ways. He may take the stand himself and testify as to his past good conduct, or, as the defendant did here, he may call third parties to testify as to his general reputation in the community. He may not, however, call third parties to testify to specific acts of past good conduct either to refute the similar transaction evidence or to introduce evidence of his good character.

2. The Court of Appeals correctly held that evidence of a magistrate's dismissal of the charges against the defendant prior to his indictment was properly excluded by the trial court.

*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who concur in the judgment only.*

DECIDED APRIL 14, 1988.

*W. LaRue Boyce*, pro se.
*Robert E. Wilson, District Attorney, Robert G. Morton, Barbara B. Conroy, Assistant District Attorneys*, for appellee.