A96A0265. FLOURNOY v. THE STATE.
(470 SE2d 488)

BIRDSONG, Presiding Judge.

John Flournoy, Jr., appeals his conviction for possession of cocaine with intent to distribute. Police on patrol in Moultrie, Georgia saw Flournoy and a woman standing behind a house engaged in what appeared to be a drug sale. As officers approached the house, one officer saw appellant throw down a brown pill bottle with a white cap. The bottle contained 46 rocks of crack cocaine weighing 5.6 grams. When Flournoy was taken into custody, he had $89 in his possession. Notice was given of the State's intent to introduce evidence of similar transactions, and prior to trial the trial court determined two such transactions were admissible. In opening argument, the State's attorney stated: "We expect the other evidence to be presented that this isn't the first time Mr. Flournoy was caught in that same area with the same, under the same circumstances." Appellant's counsel immediately objected and moved for a mistrial, which was denied. No curative instructions were given. Later, appellant's counsel again objected to the evidence but did not specifically renew his motion for mistrial.

On appeal, appellant contends the State's argument improperly

placed appellant's character in evidence prior to the admission of evidence of similar offenses to the jury, and that on this basis his motion for mistrial should have been granted. *Held*:

1. Once the three affirmative showings required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) have been met, evidence of similar transactions is admissible even though the defendant's character is incidentally placed in evidence thereby (*Obiozor v. State*, 213 Ga. App. 523, 525 (3) (a) (445 SE2d 553); see *Boyce v. State*, 258 Ga. 171 (366 SE2d 684)), for the evidence then becomes material and admissible to prove the offense charged in the same manner as does other circumstantial evidence. "[M]aterial evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue." *Obiozor*, supra; *Greer v. State*, 199 Ga. App. 106, 107 (403 SE2d 825).

Even assuming appellant properly preserved his motion for mistrial for appellate review (see *State v. Willis*, 218 Ga. App. 402, 404 (461 SE2d 576)), he cites no authority for his contention that a prosecutor may not refer in opening statement to similar transaction evidence which has already been ruled admissible. A prosecuting attorney in an opening statement may state what he expects in good faith the evidence will show during trial of the case. *Burroughs v. State*, 186 Ga. App. 40, 43 (366 SE2d 378). In *Burroughs*, the evidence referred to by the prosecuting attorney in opening statement was similar transaction evidence which the trial court had not yet ruled admissible but appellant was on notice that the State intended to introduce it as similar transaction evidence, and it was admissible as part of the res gestae. It was thus held that the prosecutor's opening remarks as to that evidence did not constitute error.

In this case, the trial court had previously and properly ruled the similar transaction evidence to be admissible. Once such evidence is properly ruled admissible, it cannot be argued that the evidence *improperly* places appellant's character in evidence, for the determination has already been made that it is admissible because its materiality outweighs any prejudice it may cause. *Obiozor*, supra at 526. The State's reference to such evidence in opening statement does not *improperly* place appellant's character in evidence before trial, for it does not *improperly* place appellant's character in evidence at all.

2. We have reviewed the evidence, and we find it sufficient to enable a reasonable trier of fact to find appellant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Blackburn, J., concurs. Beasley, C. J., concurs in judgment only.*

DECIDED APRIL 2, 1996.

*James M. Bivins*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, A. Scott Gunn, Assistant District Attorneys*, for appellee.