A98A0844. ROSS v. THE STATE.
(503 SE2d 308)

MCMURRAY, Presiding Judge.

Defendant Claud W. Ross, Sr. was tried before a jury and found guilty of aggravated stalking (Counts 1 and 2), family violence battery (Count 3), family violence simple battery (Count 5), and cruelty to children in the first degree (Count 6). His motion for new trial was denied and this appeal followed. *Held*:

1. Defendant first contends the trial court erred in allowing the State's Attorney to comment and refer to similar transaction evidence in the State's opening statement. He argues this procedure

amounts to introduction of similar crimes before the State has put up its case-in-chief, and so conflicts with the holding of the Supreme Court of Georgia in *Gilstrap v. State*, 261 Ga. 798, 799 (410 SE2d 423). We disagree.

Before opening statements commenced, defendant objected to certain demonstrative evidence listing both the charged crimes and certain similar transactions previously ruled admissible. The trial court ruled "[i]n the opening [statement] it's not evidence and . . . [did] not limit either [attorney]. . . . [B]ut during the trial of the case, [the State's Attorney was directed] first to cover what [defendant's] charged with now, [before] going into similar crimes, [at which point, the trial court intended] to charge the jury as to the purpose for that."

"A prosecuting attorney in an opening statement may state what he expects in good faith the evidence will show during trial of the case. *Burroughs v. State*, 186 Ga. App. 40, 43 (366 SE2d 378)." *Flournoy v. State*, 221 Ga. App. 96, 97 (1) (470 SE2d 488) (physical precedent). In the case sub judice, the trial court had previously ruled the similar transaction evidence admissible. "The State's reference to such evidence in opening statement does not improperly place [defendant's] character in evidence before trial, for [admissible similar transaction evidence] does not improperly place [defendant's] character in evidence at all." (Emphasis omitted.) *Flournoy v. State*, 221 Ga. App. 96, 97 (1), supra.

2. Next, defendant contends the trial court erred in refusing to grant a mistrial.

During the State's direct examination of defendant's 14-year-old son, the following transpired in the presence of the jury: "[STATE'S ATTORNEY]: As you look back over the course of your . . . young life, you said you can't think back to a time when your mom and dad weren't arguing? [Whereupon, defendant objected:] [DEFENSE COUNSEL]: Your Honor, I think [the State's Attorney] needs to deal with the similar transaction if he's going to go into anything. . . . THE COURT: Well, you would be allowed to do that at this point in time if he can remember any of it. [DEFENSE COUNSEL]: Your Honor, [the State's Attorney] made it clear to me about [excluded proof of] prior difficulties between the parties on both parts, and what's good for the goose is good for the gander. [STATE'S ATTORNEY]: Well, Your Honor, I don't have any problem with pulling out the file on that man[, whereupon defendant moved for a mistrial]."

The trial court then held a conference at the bench, outside the hearing of the jury, during which the trial court admonished the State's Attorney "don't refer to . . . a file any more. . . . Understand, don't refer to it because it makes it sound worse."

"If a court overrules a motion for a mistrial [but] gives corrective

instructions, and thereafter counsel fails to request further instructions or [fails to] renew the motion for a mistrial, an enumeration raising this ground is without merit. *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158) (1977)." *Tidwell v. State*, 219 Ga. App. 233, 237 (4) (464 SE2d 834). The record in the case sub judice reflects defendant did not thereafter renew his motion or object to the court's rebuke to the State's Attorney. Consequently, the denial of the mistrial was not preserved for appellate review. *Woodham v. State*, 263 Ga. 580, 582 (3) (439 SE2d 471).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JUNE 18, 1998.

*Richard Thurman*, for appellant.

*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.